UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MACHEL ROBERTS PETTINGILL, ET AL.                      CIVIL ACTION

VERSUS                                                 NO: 07-8951

SCOTTSDALE INSURANCE GROUP                             SECTION: "A" (1)

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiffs Machel Roberts Pettingill, wife of/and Robert Pettingill, Sr.  Defendant, Scottsdale Insurance Company, incorrectly referred to in the state court petition as Scottsdale Insurance Group, opposes the motion.  The motion, set for hearing on January 9, 2008, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is **GRANTED**.

## I.      BACKGROUND

Plaintiffs initiated this suit in state court against Scottsdale Insurance Company ("Scottsdale").  Plaintiffs allege that their immovable property located in New Orleans, Louisiana sustained severe wind damage during Hurricane Katrina.  Plaintiffs allege that Scottsdale has in bad faith denied their claim.  Plaintiffs seek payment of their damages under the terms of the policy, as well as statutory penalties and attorney's fees under Louisiana law.

Scottsdale removed the suit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. 1446, alleging diversity jurisdiction.

Plaintiffs move to remand the case to state court, arguing that the amount in controversy in this matter is less than fifty thousand dollars and, therefore, not subject to federal jurisdiction. (Rec. Doc. 4).

## II.   DISCUSSION

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting

2

> forth the facts in controversy – preferably in the removal petition, but sometimes by
> affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiffs' petition. Adjectives such as "severe" are often used loosely in pleading causes so they are not particularly probative of federal jurisdiction. The petition offers no specifics whatsoever that would allow the Court to remotely estimate a quantum for Plaintiffs' claim. Plaintiffs seek numerous elements of damages, including statutory penalties and attorney's fees, but these potential awards will be based on Plaintiff's underlying claim for damages. A claim for penalties and attorney's fees does not ipso facto render a case removable to federal court. Again, the petition gives the Court no basis to conclude that the amount in controversy exceeds $75,000.

The Court now turns its attention to the notice of removal. The notice of removal merely states that the amount in controversy between Machel Roberts Pettingill, wife of/and Robert Pettingill, Sr. and Scottsdale Insurance Company is in excess of $75,000, exclusive of interest and costs. The notice of removal contains no allegations regarding facts in controversy to support the conclusion that the amount in controversy exceeds $75,000.

The Court has reviewed the Memorandum in Support of Motion to Remand, but arguments of counsel and counsel's subjective belief are not enough to defeat remand. Scottsdale has submitted a document entitled "Dwelling Policy Declarations" and photographs of Plaintiffs' residence, which Defendant submits demonstrate considerable damage to the property. The exhibits establish that Plaintiffs' policy limits are set at $75,000, but the petition does not suggest that Plaintiffs are seeking to recover the policy limits.

3

In sum, Scottsdale has failed to meet its burden in establishing that the amount in controversy exceeds $75,000.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by plaintiffs Machel Roberts Pettingill, wife of/and Robert Pettingill, Sr. should be and is **GRANTED.**  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

January 18, 2008

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE